# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAHI ISSA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 14-168-LPS |
| | : |
| DELAWARE STATE UNIVERSITY, | : |
| HARRY WILLIAMS, ALTON THOMPSON | : |
| HARRY DOWNES, JR., JUSTIN | : |
| BUCHWALD, and DOMINICK CAMPALONE, | : |
| | : |
| Defendants. | : |

## **MEMORANDUM ORDER**

Having reviewed the parties' joint status report (D.I. 201), and having discussed with the parties issues relating to a new trial during a teleconference on May 31, 2019, IT IS HEREBY ORDERED that:

1. Trial on all claims on which the jury in the first trial did not return a verdict will be held at some or all of the following dates and times, subject to the parties' time limits:

    (a) Friday, July 12 at 9:00 a.m.: jury selection (and possible start of trial, see below at ¶ 5);

    (b) Monday, July 15 and Tuesday, July 16: 8:30 a.m. - 5:00 p.m.;

    (c) Wednesday, July 17: 8:30 a.m. - 3:00 p.m.;

    (d) Thursday, July 18: 8:30 a.m. - 5:00 p.m.; and

    (e) Friday, July 19: 8:30 a.m. - 2:00 p.m.

2. Each side is allocated a maximum of eight (8) hours for its trial presentation. The Court has reduced the allocation from what it provided at the first trial (which was 11 hours per

side) for the following reasons: (a) this is a retrial, the parties are already thoroughly familiar with each witness' testimony and the documentary evidence that will be presented, and greater efficiency should be readily achievable; (b) the Court has resolved the parties' evidentiary disputes at the first trial, so little if any time should be needed to argue and resolve such disputes; (c) having heard the witnesses' testimony, the Court is firmly of the view that the examinations of most if not all of the witnesses can be significantly reduced, without any detriment (and likely with beneficial consequences) to either side's trial presentation; and (d) some of the claims, and some of the evidence, that were the subject of the first trial will not be part of this second trial.

3. The Court's present inclination (which is not an order, but is an informed indication of the Court's tentative views, based on the evidence presented and the arguments made to date) is to deny Plaintiff's proposed post-trial motions (*see* D.I. 201 at 2) and to deny all of Defendants' proposed post-trial motions (*see id.* at 2-3) with the exception of their motion for judgment as a matter of law of no punitive damages.

4. Notwithstanding the parties' objections and preference (at least at certain times since the first jury returned its partial verdict) for resolution of post-trial motions prior to another trial, the Court has determined to proceed with trial now, for the following reasons: (a) even were the parties' post-trial motions to be granted, another trial (on at least one claim) would be required; (b) the Court's schedule would likely not permit the another trial to be held for many months after resolution of the motions, whereas the week of July 12-19 is presently available; (c) trying the case sooner rather than later should be most efficient for the parties, as counsel (and the witnesses) will presumably require more time to prepare (or re-prepare) for trial the longer the delay between the first and second trials; and (d) the case is already quite aged, having been filed more than five years ago.

5. The Court has considered the parties' concerns about the lack of availability of certain witnesses and finds that any prejudice that may result is not sufficient to alter the decision to proceed with trial in July. The witnesses' schedules may be accommodated through at least any of the following approaches: (a) Dr. Monnica Williams is available and may testify on Monday, July 15; (b) Plaintiff believes he can accommodate Lamont Smith's schedule; (c) if Dr. Stevenson is not available at all during the scheduled trial, the parties shall meet and confer and in the joint status report ordered below indicate their positions on whether all or a portion of his testimony from the first trial should be read to the new jury and/or whether the Court should order a videotaped deposition at which the testimony he would provide at the new trial is taken and can be played for the new jury; and (d) if Dr. Newton is available to testify on Friday, July 12, the Court can modify its schedule to allow for opening statements and the testimony of (at least) Dr. Newton on July 12 – alternatively, the parties shall provide in the joint status report their positions on whether all or a portion of his testimony from the first trial should be read to the new jury and/or whether the Court should order a videotaped deposition at which the testimony he would provide at the new trial is taken and can be played for the new jury.

6. IT IS FURTHER ORDERED that:

(a) the parties shall meet and confer and, no later than June 19, submit a joint status report, indicating whether, if at all, they request the opportunity to submit a revised proposed pretrial order, additional motions *in limine*, additional or different jury instructions and/or verdict sheet, or whether, instead, the Court should indicate that all prior rulings apply equally at the new trial; and

(b) a final pretrial conference will be held on June 26 at 4:00 p.m.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE